David O'QUINN

v.

**CHAMBERS COUNTY, TEXAS and Sheriff C.E. Morris, Individually and in his capacity as Sheriff of Chambers County, Texas.**

**C.A. No. G–85–308.**

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 20, 1986.

Harris D. Butler, III, Houston, Tex., for plaintiffs.

Carla Cotropia, Galveston, Tex., William H. Bruckner, Houston, Tex., for defendants.

## AMENDED ORDER

HUGH GIBSON, District Judge.

Plaintiffs move for reconsideration of the Court's order of June 4, 1986. Plaintiffs assert that the Court incorrectly dismissed their claim which they brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. The Court dismissed based upon its interpretation of the Fair Labor Standards Amendments of 1985 ("Amendments"), Pub.L. No. 99–150, *reprinted in* 1985 U.S. Code Cong. & Ad. News, 99 Stat. 787. Plaintiffs for the first time assert that § 8 of the Amendments protects them from retaliation and harrasment resulting from their assertion of their rights under the FLSA.

Section 8 provides:

A public agency which is a State, political subdivision of a State, or an interstate governmental agency and which discriminates or has discriminated against an employee with respect to the employee's wages or other terms or conditions of employment because on or after February 19, 1985, the employee asserted coverage under section 7 of the Fair Labor Standards Act of 1938 shall be held to have violated section 15(a)(3) of such Act. The protection against discrimination afforded by the preceding sentence shall be available after August 1, 1986, only for an employee who takes an action described in section 15(a)(3) of such Act.

Section 15(a)(3) referred to in § 8 makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3). The Court therefore holds that plaintiffs are protected by section 8 of the Amendments from retaliation for instituting this proceeding under the FLSA and GRANTS plaintiffs' motion for reconsideration.

Accordingly, the Court AMENDS Paragraph No. V of the Court's Order of June 4, 1986, to read as follows:

### V. Conclusion

In summary, the Court GRANTS in part defendants' motion for summary judgment as follows:

1. Plaintiffs' FLSA claims are DISMISSED with the exception of plaintiffs' action pursuant to § 8 of the FLSA Amendments and § 215(a)(3) of the FLSA as incorporated into § 8; and

2. plaintiffs' § 1983 claim for violation of the FLSA, due process, and equal protection are DISMISSED.

The Court DENIES defendants' motion insofar as it concerns plaintiffs' § 1983 First Amendment claim and plaintiffs' § 1985 action.